## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

JANE DAWSON,

     **Plaintiff,**

                                     **CASE NO.:**

**v.**

IBIS HEALTHCARE, INC.
d/b/a COVE BEHAVIORAL
HEALTH,

     **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JANE DAWSON, by and through undersigned counsel, brings this action against Defendant, IBIS HEALTHCARE, INC. d/b/a COVE BEHAVIORAL HEALTH, and in support of her claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages for violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* and the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. Section 760.01 *et seq.*

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 621 *et seq.*

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Hillsborough County, Florida.

## PARTIES

4.     At all times relevant hereto, Plaintiff was a resident of Manatee County, Florida and worked for Defendant in Hillsborough County Florida.

5.     Defendant is a corporation based in Hillsborough County, Florida.

## GENERAL ALLEGATIONS

6.     At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the ADEA and FCRA.

7.     At all times material hereto, Defendant employed twenty (20) or more employees. Thus, Defendant is an "employer" within the meaning of the ADEA and the FCRA.

8.     Plaintiff has satisfied all conditions precedent, or they have been waived.

9.     Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

10.     Plaintiff requests a jury trial for all issues so triable.

## FACTS

11.     Plaintiff began employment with Defendant in or around January 2019 as a Nurse Practitioner.

12.     Throughout her employment with Defendant, Plaintiff was subjected to discrimination based on her age and was retaliated against for engaging in protected activity.

2

13.     At all times relevant hereto, Plaintiff was sixty-eight (68) years old and was the oldest practitioner employed by Defendant.

14.     Throughout her employment with Defendant, Plaintiff was given more patients than her younger counterparts, despite Plaintiff's requests for her workload to be reduced.

15.     Specifically, in early-mid 2024, Plaintiff requested to work part time, in lieu of full time, working four days per week, as Defendant permitted another younger nurse practitioner to work only four days per week.

16.     However, Defendant ignored Plaintiff's request.

17.     In or around September 2024, Plaintiff's supervisor finally agreed to allow Plaintiff to work three ten-hour shifts per week, and a five dollar per hour pay raise.

18.     However, Defendant did not adhere to this schedule, as Plaintiff, ultimately, had to work more than three ten-hour shifts per week, due to other providers' absences.

19.     In or around January/February 2025, Defendant had a meeting with Plaintiff regarding Plaintiff's schedule.

20.     During this meeting, Plaintiff objected to Defendant's age discrimination, pointing out that Plaintiff is Defendant's most revenue-producing employee and Defendant's hardest working employee, yet Defendant had not honored its agreement to provide Plaintiff with a five dollar per hour raise.

3

21.     On or around February 25, 2025, Plaintiff, again, complained of age discrimination to Defendant, specifically regarding Plaintiff's schedule, which was significantly more grueling than that which was given to Defendant's younger employees.

22.     However, Defendant terminated Plaintiff's employment soon thereafter, on or around March 5, 2025, based on Plaintiff's age and in retaliation for Plaintiff having engaged in protected activity.

### *Administrative Exhaustion*

23.     On June 26, 2025, Plaintiff filed a Charge of Discriminaton ("Charge") with the Equal Employment Opportunity Commission, alleging violations of the ADEA and FCRA.

24.     As of the date that Plaintiff is filing this Complaint, it has been two-hundred and sixty (260) days since Plaintiff filed the Charge.

25.     Because it has been over sixty (60) days since Plaintiff filed the Charge, Plaintiff exhausted her pre-suit administrative requirements under the ADEA, pursuant to 29 U.S.C. § 626(d).

26.     Because it has been over one-hundred and eighty (180) days since Plaintiff filed the Charge, Plaintiff exhausted her pre-suit administrative requirements under the FCRA, pursuant to § 760.11(8), Fla. Stat.

### **COUNT I – ADEA VIOLATION**

27.     Plaintiff realleges and readopts the allegations of paragraphs 6 through 25 of this Complaint, as though fully set forth herein.

4

28.    As an individual who is over forty years of age, Plaintiff is a member of a protected class under the ADEA.

29.    Plaintiff was subjected to disparate treatment based on her age, including termination.

30.    Defendant's actions were willful and done with malice.

31.    Plaintiff was injured due to Defendant's violations of the ADEA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

a)    A jury trial on all issues so triable;

b)    That process issue and that this Court take jurisdiction over the case;

c)    An injunction restraining continued violation of the ADEA;

d)    Compensation for lost wages, benefits, and other remuneration;

e)    Reinstatement of Plaintiff to a position comparable to her prior position with back pay plus interest, or in the alternative, front pay;

f)    Liquidated damages in an amount equal to Plaintiff's total damages;

g)    Prejudgment interest on all monetary recovery obtained.

h)    All costs and attorney's fees incurred in prosecuting these claims; and

i)      For such further relief as this Court deems just and equitable.

## COUNT II – ADEA RETALIATION

32.    Plaintiff realleges and readopts the allegations of paragraphs 6 through 25 of this Complaint, as though fully set forth herein.

33.    As an individual who is over forty years of age, Plaintiff is a member of a protected class under the ADEA.

34.    Plaintiff engaged in protected activity under the ADEA by opposing Defendant's discrimination against Plaintiff.

35.    Defendant retaliated against Plaintiff for engaging in protected activity under the ADEA by terminating Plaintiff's employment.

36.    Defendant's actions were willful and done with malice.

37.    Plaintiff was injured due to Defendant's violations of the ADEA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

a)      A jury trial on all issues so triable;

b)      That process issue and that this Court take jurisdiction over the case;

c)      An injunction restraining continued violation of the ADEA;

d)      Compensation for lost wages, benefits, and other remuneration;

e)      Reinstatement of Plaintiff to a position comparable to her prior position with back pay, or in the alternative, front pay;

6

f)     Liquidated damages in an amount equal to Plaintiff's total damages;

g)     Prejudgment interest on all monetary recovery obtained.

h)     All costs and attorney's fees incurred in prosecuting these claims; and

i)     For such further relief as this Court deems just and equitable.

### COUNT III – FCRA VIOLATION
### (AGE DISCRIMINATION)

38. Plaintiff realleges and readopts the allegations of paragraphs 6 through 24 and 26 of this Complaint, as though fully set forth herein.

39. Plaintiff is a member of a protected class, due to her age, under the FCRA.

40. Plaintiff was subjected to disparate treatment by Defendant on the basis of her age, including termination.

41. Defendant's actions were willful and done with malice.

42. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

a)     A jury trial on all issues so triable;

b)     That process issue and that this Court take jurisdiction over the case;

c)   Compensation for lost wages, benefits, and other remuneration;

d)   Front pay;

e)   Any other compensatory damages, including emotional distress, allowable at law;

f)   Punitive damages;

g)   Prejudgment interest on all monetary recovery obtained.

h)   All costs and attorney's fees incurred in prosecuting these claims; and

i)   For such further relief as this Court deems just and equitable.

## COUNT IV - FCRA RETALIATION

43.   Plaintiff realleges and readopts the allegations of paragraphs 6 through 24 and 26 of this Complaint, as though fully set forth herein.

44.   Plaintiff is a member of a protected class under the FCRA, on the basis of her age.

45.   Plaintiff engaged in protected activity under the FCRA by opposing Defendant's discrimination against Plaintiff.

46.   Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA by terminating Plaintiff's employment.

47.   Defendant's actions were willful and done with malice.

8

48. By terminating Plaintiff, Defendant took material adverse action against Plaintiff.

49. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) That this Court enter a declaratory judgment, stating that Defendant interfered with Plaintiff's rights under the FCRA;

d) Compensation for lost wages, benefits, and other remuneration;

e) Reinstatement of Plaintiff to a position comparable to her prior position, with back pay plus interest, pension rights, and all benefits;

f) Front pay;

g) Any other compensatory damages, including emotional distress, allowable at law;

h) Punitive damages;

i) Prejudgment interest on all monetary recovery obtained.

j) All costs and attorney's fees incurred in prosecuting these claims; and

k)    For such further relief as this Court deems just and equitable.


## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 25th day of March, 2026.

Respectfully submitted,

/s/ Brandon J. Hill
**BRANDON J. HILL**
Florida Bar No: 37061
**HANNAH E. DeBELLA**
Florida Bar No: 1026002
**Wenzel Fenton Cabassa P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main No.: 813-224-0431
Direct No.: 813-337-7992
Facsimile No.: 813-229-8712
Email: bhill@wfclaw.com
Email: hdebella@wfclaw.com
Email: aketelsen@wfclaw.com
Attorneys for Plaintiff